Humberto Guizar, SBN 125769
**LAW OFFICES OF HUMBERTO GUIZAR**
**A PROFESSIONAL CORPORATION**
3500 W. Beverly Blvd.
Montebello Ca 90640
Tel: (323) 725-1151
Fax: (213) 402-8622
Email: hguizar@ghclegal.com

Denisse O. Gastélum, SBN 282771
Selene Estrada-Villela, SBN 354994
**GASTÉLUM LAW, APC**
**A Professional Corporation**
3767 Worsham Ave.
Long Beach, California 90808
Tel: (213) 340-6112
Fax: (213) 402-8622
Email: dgastelum@gastelumfirm.com
sestradavillela@gastelumfirm.com

Christian Contreras, SBN 330269
Email: CC@Contreras-Law.com
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000
Fax: (323) 597-0101

Attorneys for Plaintiffs,
ESTATE OF MATTHEW LEE RICHARDS, *et al.*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MATTHEW LEE RICHARDS, by and through successors in interest, Derrienne Richards and Robert William Richards; DERRIENNE RICHARDS, individually; ROBERT WILLIAM RICHARDS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>KERN COUNTY SHERIFF'S OFFICE; a public entity; KERN COUNTY, a public entity; SHERIFF DONNY YOUNGBLOOD, in his individual and official capacities; KERN COUNTY HOSPITAL AUTHORITY, a public entity; and DOES 1 through 10, individually, jointly and severally,<br><br>Defendants. | **CASE NO.: 1:24-cv-01294-CDB**<br>*[Assigned to the Hon. Christopher D. Baker, Magistrate Judge]*<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER** |

1

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**1.    PURPOSES AND LIMITATIONS/GOOD CAUSE STATEMENT**

   **A. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to a confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

   **B. GOOD CAUSE STATEMENT**

The parties may produce certain documents in this case that contain personal medical, employment or financial information. Such information may implicate the privacy interests of the party and are properly protected through a Fed. R. Civ. P. 26(c) protective order.

Plaintiffs are seeking and Defendants may produce, among other things, internal, security sensitive, third party and law enforcement private and confidential information, administrative, personnel and institutional documents, which contain sensitive information that Defendants believe need special protection from public disclosure. The documents identified in this Protective Order, which Defendants believe in good faith constitute or embody confidential information which Defendants maintain as strictly confidential and are otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, are therefore entitled to heightened protection from disclosure.

**2.    DEFINITIONS**

   2.1    Action: this pending federal law suit.

   2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information

or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of the medium or how generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement, and other applicable federal privileges.

2.4 HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 Party: any party to this Action, including all of its officers, directors, employees,

consultants, retained experts, and Outside Counsel of Record (and their support staffs).

  2.13 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

  2.14 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  2.15 <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," shall be identified in the header and/or footer of the document as follows:

  "CONFIDENTIAL," "Confidential, Estate of Matthew Lee Richards, et al. v. County of Kern, et al. – E.D. Cal. Case No. 1:24-cv-01294-CDB," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "Highly Confidential – Attorneys Eyes Only, Estate of Matthew Lee Richards, et al. v. County of Kern, et al. – E.D. Cal. Case No. 1:24-cv-01294-CDB."

  These markings shall not be removed or altered in any manner by anyone other than the Producing Party.

  2.16 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

  Any use of Protected Material at trial shall be governed by the Orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If the Designating Party's determines that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "Confidential, Estate of Matthew Lee Richards, et al. v. County of Kern, et al. – E.D. Cal. Case No. 1:24-cv-01294-CDB," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "Highly Confidential – Attorneys Eyes Only, Estate of Matthew

Lee Richards, et al. v. County of Kern, et al. – E.D. Cal. Case No. 1:24-cv-01294-CDB" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material in the header and/or footer of the document. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Markings added to documents pursuant to this paragraph shall not obscure the content or text of the documents produced.

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony. The court reporter must affix to each such transcript page containing Protected Material the "CONFIDENTIAL legend", as instructed by the Designating Party.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portions or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.     If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation and its associated Order for such

material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

        5.4     Privilege Logs.  If a party withholds information that is responsive to a discovery request, a privilege log will be prepared in accordance with Fed. R. Civ. P. 26(b)(5).

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

        6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

        6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 251.

        6.3     Failing informal resolution between parties, the Designating Party may file and serve a Motion for a Protective Order with the Court strictly pursuant to Local Rule 251, including the Joint Statement re Discovery Disagreement.  The parties agree that if the Motion for Protective Order is filed within 21 days of the written challenge (subject to extension upon agreement of the Parties), the Material will retain its original designation until the Court rules on the Motion for a Protective Order.  If the Designating Party does not file a motion within the 21-day period following a challenge, the material is no longer designated as CONFIDENTIAL INFORMATION for purposes of this Stipulation, but that change in designation does not bar the Producing Party from subsequently filing a motion for a protective order.

        6.4     Withdrawal of "CONFIDENTIAL" Designation.  At its discretion, a Designating Party may remove Protected Material from some or all of the protections and provisions of this Stipulated Protective Order at any time by any of the following methods:

        (a)     Express Written Withdrawal. A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material from some or all of the protections of this Stipulated Protective Order by an express withdrawal in writing signed by the Designating Party or Designating Party's counsel (but not including staff of such counsel) that specifies and itemizes the Disclosure or Discovery Material previously designated as Protected Material that shall no longer be subject to some or all of the provisions of this Stipulated Protective Order.  Such express withdrawal shall be effective when transmitted or served upon the Receiving

Party. If a Designating Party is withdrawing Protected Material from only some of the provisions/protections of this Stipulated Protective Order, the Designating Party must state which specific provisions are no longer to be enforced as to the specified material for which confidentiality protection hereunder is withdrawn: otherwise, such withdrawal shall be construed as a withdrawal of such material from all of the protections/provisions of this Stipulated Protective Order;

(b)     Express Withdrawal on the Record.  A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material from all of the provisions/protections of this Stipulated Protective Order by verbally consenting in court proceedings on the record to such withdrawal – provided that such withdrawal specifies the Disclosure or Discovery Material previously designated as Protected Material shall no longer be subject to any of the provisions of this Stipulation and Order;

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions prescribed in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of such Counsel to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and shall not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(j) the author or recipient of a document containing the information or a lawful custodian of the document.

Nothing in this order shall be construed as prohibiting the Producing Party from disclosing its own Protected Material to any person at any time.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a lawful custodian of the document.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense

of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such person or persons execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A; and (e) within 21 days notify in writing to the Designating Party the identity of all known recipients of the unauthorized copies of the Protected Material and the status of the retrieval of the unauthorized copies of the Protected Material.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.    MISCELLANEOUS**

12.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek modification by the Court in the future.

12.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing of Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. **FINAL DISPOSITION**

After the final disposition of this Action, as defined in section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies by bates number all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

///

///

///

Dated: March 5, 2025　　　　　**GASTÉLUM LAW, APC**

　　　　　　　　　　　　　　　By:  /s/ *Denisse O. Gastélum*
　　　　　　　　　　　　　　　Denisse O. Gastélum, Esq.
　　　　　　　　　　　　　　　Selene Estrada-Villela, Esq.
　　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　　ESTATE OF MATTHEW LEE RICHARDS, *et al.*

Dated: March 5, 2025　　　　　**LAW OFFICES OF CHRISTIAN CONTRERAS**
　　　　　　　　　　　　　　　A Professional Law Corporation

　　　　　　　　　　　　　　　By: /s/ *Christian Contreras*
　　　　　　　　　　　　　　　Christian Contreras, Esq.
　　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　　ESTATE OF MATTHEW LEE RICHARDS, *et al.*

Dated: March 5, 2025　　　　　**LAW OFFICES OF HUMBERTO GUIZAR**
　　　　　　　　　　　　　　　A Professional Corporation

　　　　　　　　　　　　　　　By: /s/ *Humberto Guizar*
　　　　　　　　　　　　　　　Humberto Guizar, Esq.
　　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　　ESTATE OF MATTHEW LEE RICHARDS, *et al.*

Dated: March 5, 2025　　　　　**WEAKLEY & ARENDT**
　　　　　　　　　　　　　　　A Professional Corporation

　　　　　　　　　　　　　　　By: /s/ *Brande L. Gustafson*
　　　　　　　　　　　　　　　James D. Weakley
　　　　　　　　　　　　　　　Brande L. Gustafson
　　　　　　　　　　　　　　　Attorneys for Defendants,
　　　　　　　　　　　　　　　County of Kern, *et al.*

IT IS SO ORDERED.

　　Dated:  **April 7, 2025**　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on <u>April 7, 2025</u>, in the case of _____ *Estate of Matthew Lee Richards, et al. v. County of Kern, et al.;* E.D. Cal. Case No. 1:24-cv-01294-CDB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

15
[PROPOSED] STIPULATED PROTECTIVE ORDER